**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TULIO ISMAEL CANTARERO-LEMUS,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    19-71287

Agency No. A079-808-401

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2021**
Seattle, Washington

Before:  McKEOWN and PAEZ, Circuit Judges, and ORRICK,*** District Judge.

Tulio Ismael Cantarero-Lemus, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable William Horsley Orrick, United States District Judge
for the Northern District of California, sitting by designation.

appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). "A finding . . . is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citation and internal quotation marks omitted). The parties are familiar with the facts, so we do not repeat them here. We grant in part, deny in part, and dismiss in part the petition for review.

In his opening brief, Cantarero-Lemus does not raise, and therefore waives, any challenge to the agency's determinations that the past harm he experienced did not rise to the level of persecution, that he failed to establish he was or would be persecuted on account of a political opinion, and that his proposed social groups "young Honduran men who have opposed or resisted the MS 18 gang" and "family members of business owners who are targeted by the MS 18 gang" were not cognizable. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (noting that issues not specifically raised and argued in a party's opening brief are waived); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.").

2

We do not address Cantarero-Lemus's contentions as to the cognizability of his remaining family-based particular social group and the issue of whether the government is unwilling or unable to protect him because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation omitted)).

The BIA's determination that Cantarero-Lemus failed to establish that he would be persecuted "on account of" the particular social group of his family is not supported by substantial evidence. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam) (noting that even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). Rather, the record compels the contrary conclusion. The withholding statute requires that the protected ground be only "*a* reason" for the alleged persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017) (emphasis added). The evidence Cantarero-Lemus presented with respect to the murders, attempted murder, and attempted abduction his family suffered at the hands of the gang satisfies this "diluted . . . nexus requirement." *Id.* at 360.

The IJ and BIA ascribe pecuniary motives to the perpetrators of these crimes, who the IJ described as "going after money from business owner[s]."

3

While pecuniary motives may have been "*a* reason" for this persecution, the record compels the conclusion that it was not the *only* reason. Cantarero-Lemus's expert offers ample evidence, based on his extensive knowledge of organized crime in Honduras, that this persecution was *also* on account of family ties. And, under the "a reason" standard for withholding of removal—which is a "weaker motive[]" standard than that under the asylum statute—these two motives can coexist. *Barajas-Romero*, 846 F.3d at 359–60 (remanding to the agency to determine whether attacks that it concluded were designed to extort money under the incorrect "one central reason" standard could also have been "because of or on account of" petitioner's anti-corruption opinion under the correct "a reason" standard); *see Ayala v. Sessions*, 855 F.3d 1012, 1021 (9th Cir. 2017) ("[W]here the petitioner's membership in a particular social group (in this case, a family) is at least 'a reason' for the extortion, it is sufficient to meet the nexus requirement for withholding of removal."). Accordingly, we conclude that the record compels the conclusion that Cantarero-Lemus has established a nexus between past or future harm and the particular social group of the Cantarero-Lemus-Hernandez family, and we grant his petition with respect to his withholding of removal claim.

As to CAT relief, we lack jurisdiction to consider Cantarero-Lemus's contention that he could only receive protection from the government if he paid it, because he failed to raise this contention before the BIA. *See Barron v. Ashcroft*,

4

358 F.3d 674, 677–78 (9th Cir. 2004) (holding that this court lacks jurisdiction to review claims not presented to the agency).  Substantial evidence supports the agency's denial of CAT relief because Cantarero-Lemus failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Honduras.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).  Accordingly, we deny Cantarero-Lemus's petition with respect to his CAT claim.

The parties shall bear their own costs.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; and DISMISSED in part.**